UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| v.                                                  ) | Crim. No.   23cr10186-ADB |
| ) | |
| KEYON ROBERSON,                   ) | |
| ) | |
| Defendant.                          ) | |

## SENTENCING MEMORANDUM

Defendant Keyon ("Beano") Roberson was an active and violent member of the Heath Street Gang – one of the most violent gangs in Boston.  Defendant was involved in one attempted murder (which was foiled by Boston Police officers) and participated in various other criminal and gang-related activities.  The Heath Street Gang has been in existence for over 40 years and has been a continuing threat to the public in a myriad of ways, including through the violence committed by gang members/associates, the trafficking of controlled substances (including fentanyl, cocaine base and cocaine), and various types of financial crimes (including fraud committed during the Covid pandemic).

The Heath Street Gang originated in what is now the Mildred C. Hailey Apartments, a housing development in the Jamaica Plain section of Boston.  The gang's criminal activities have had a particularly negative impact on the members of the public (including families) living in the housing development through the gang's violence (including violent/threatening conduct on site at the development as well as retaliatory attacks/shootings from rival street gangs targeting the housing development), drug dealing (in the housing development and around the nearby area), and the active recruitment of children from the housing development into the gang.  The Heath

1

Street Gang's activities have also severely impacted other areas of Boston, as well as surrounding communities. As a prime example, the Heath Street Gang has been involved in a long-standing conflict with the Mission Hill Gang which has resulted in Heath Street Gang members/associates committed numerous murders/shootings in the Mission Hill.

Given all of the circumstances of this case (especially the attempted murder in which Defendant was involved), the Government recommends a sentence of 108 months' incarceration (9 years) to be followed by 3 years of supervised release, no fine and a $100 mandatory special assessment. As one of the terms of his supervised release, the Government requests that Defendant be barred from entering or staying at the Mildred C. Hailey Apartments. The Government's recommended 9-year sentence aligns with the factors set forth in 18 U.S.C. § 3553. In particular, the sentence is necessary to protect the public and to deter both Defendant and others from similar criminal conduct in the future.

## THE SENTENCING GUIDELINES

"'Relevant conduct in a RICO case' for purposes of § 1B1.3 of the Guidelines 'includes all conduct reasonably foreseeable to the particular defendant in furtherance of the RICO enterprise to which he belongs.'" *United States v. Sandoval*, 6 F.4th 63, 105 (1st Cir. 2021) (citations omitted). "The District Court must find such relevant conduct by a preponderance of the evidence." *Id*. "Any such conduct becomes a 'cross reference' that may be used to set the offense level." *Id*. The Government believes that Defendant's applicable Sentencing Guidelines are based primarily on the attempted murder which occurred in the Mission Hill area in December 2019. *See* PSR at ¶¶ 35-44. Defendant is subject to an adjusted offense level 33.

Defendant is a CHC II. *See* PSR at ¶ 111. After acceptance, Defendant's incarceration range is 108-135 months pursuant the Government's calculations.

## DEFENDANT'S CRIMINAL CONDUCT

As set forth in the PSR, Defendant was involved in a myriad of criminal activities associated with his membership in the Heath Street Gang, including violent crimes, drug dealing, and financial crimes. In particular, Defendant was involved in the chain of retaliatory violence arising out of the conflict between the Heath Street Gang and the Mission Hill Gang. *See, e.g.,* PSR at ¶¶ 35-44. Defendant and two other Heath Street Gang members (Amani Perkins and Zion Ford) were intercepted by BPD officers as they travelled in a vehicle towards Mission Hill Gang territory with two loaded semi-automatic pistols.[1] The two loaded handguns are consistent with a planned gang shooting as two of the three gang members in the car could commit the shooting while the third acted as the get-away driver. The three gang members were seeking to commit a retaliatory murder on the anniversary of the murder of a Heath Street Gang member by the Mission Hill Gang. BPD police (who were aware of the potential for violence on that anniversary date) observed the vehicle carrying Defendant and his co-conspirators and interceded. The armed gang members fled in their vehicle before crashing into a pole. All three were subsequently apprehended and the two loaded handguns were recovered by officers.

Following the failed murder conspiracy, Defendant was recorded on a jail call with another Heath Street Gang member who castigated Defendant for attempting the murder on the

---

[1] Perkins and Ford (who are also co-defendants in the RICO conspiracy) have been associated with a January 2021 gang-related ambush on a public street in which multiple shots were fired at rival gang members by Heath Street Gang members/associates who were shooting from concealed positions in nearby yards.

anniversary date as that date would clearly be one which the BPD monitored.  Defendant objected that it was a necessary retaliatory shooting.  Defendant further complained that he was being held in jail on a $1,000 bail instead of being bonded out by the gang.  The other gang member noted that he was collecting money for Defendant's bond.

      Shortly after the above call, Heath Street Gang leaders were recorded in jail calls having angry conversations about Defendant claiming that Defendant and his associates were the only members of the gang committing violence and that they were not being treated with the proper respect for committing violence.  One of the leaders, Trevon Bell, made it clear that Defendant was to be treated as being out of the Heath Street Gang "[u]ntil he go up there [Mission Hill] and *up the score*" [kill at least one Mission Hill Gang member/associate].  Bell further noted that Defendant was acting like he was "whackin' sh*t out on the street" – i.e., committing murders on the street.  Bell later referred to Defendant as "talking crazy … Like some big f*cking merker on the street …. I told him bro like you don't do nothing bro but make a bunch of noise with n****s' sh*t" – Defendant was acting like he had successfully committed a gang-related murder when he had failed to kill a rival gang member and lost two handguns to the police.

      In addition to the violence that Defendant personally committed, Defendant's active participation in the Heath Street Gang (like all other adult members/associates of the gang) also facilitated other gang-related violence, especially violence involving juveniles.  One of the most insidious aspects of the Heath Street Gang is its recruitment of juveniles (mostly from the Mildred C. Hailey Apartments) to join the gang and to actively participate in gang activities, including shootings.  The large number of families living at the Mildred C. Hailey Apartments provided Defendant and his gang cohorts ample targets for recruitment.  Members/associates of

the Heath Street Gang recruited juveniles and then groomed these young people to commit crimes in support of the gang, including gang-related murders/shootings.

An example of this exploitation of juvenile recruits by the gang can be seen in the May 11, 2022, shooting at the Mission Hill Housing Development, which resulted in a resident of that housing development being shot in the leg by juvenile Heath Street Gang associates.  *See* PSR at ¶¶ 45-57.  This shooting conspiracy involved three juveniles travelling to the area of the rival Mission Hill Gang and attempting to murder a rival gang member in broad daylight.  The three juveniles traveled to the area on a scooter with one driver and two shooters – similar to Defendant's prior murder conspiracy targeting the Mission Hill Gang.  The two shooters fired multiple shots and injured a resident – one of these two juvenile shooters was subsequently indicted in Suffolk County for a shooting murder which took place in the Mission Hill area in June 2021.  As a part of this gang-related murder endeavor, multiple Heath Street Gang members, including Defendant, met with the three assailants before the shooting.  Defendant was also recorded apparently waiting for the shooters to return to the Mildred C. Hailey Apartments with other gang members/associates.



Defendant and other associates meeting inside the Mildred C. Hailey Housing Development before the May 11, 2022, Shooting at the Mission Hill Housing Development



Two of the juveniles approaching the target of the shooting


Two of the juveniles approaching the target of the shooting


Juveniles fleeing the Mission Hill Housing Development after the shooting



The Defendant and other associates gathering outside the Mildred C. Hailey Apartments waiting for the juveniles to return

The Government does not believe that Defendant's actions rise to the level of triggering liability for this shooting as a separate racketeering activity under the Guidelines. However, Defendant's and the other gang members' actions during this shooting starkly demonstrate how the older gang members drew juveniles into a life of crime and encouraged them to commit brazen acts of violence on behalf of the Heath Street Gang. This type of group support for criminal activity allowed the Heath Street Gang to metastasize in the community, especially the Mildred C. Hailey Apartments. The members/associates of Heath Street Gang (including juveniles) were empowered to commit crimes *because* they supported each other through their criminal organization. A significant sentence is necessary to break this cycle of violence by making it clear that such conduct will be punished severely given the lasting effects it has on the community, particularly the families living in public housing developments.

## CONCLUSION

The Government's proposed sentence of 108 months' incarceration to be followed by 3 years of supervised release is an appropriate sentence for all the reasons set forth in 18 U.S.C. 3553.

                                              Respectfully submitted,

                                              LEAH B. FOLEY
                                              United States Attorney States

Date: July 16, 2025                    By: */s/ Michael Crowley*
                                                 MICHAEL CROWLEY
                                                 Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, Michael Crowley, Assistant United States Attorney, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                              */s/ Michael J. Crowley*
                                              MICHAEL J. CROWLEY
                                              Assistant U.S. Attorney